```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


JAIME ALVAREZ,                     §
                                   §
          Plaintiff,               §
                                   §
v.                                 §     CIVIL ACTION NO. H-04-2900
                                   §
GLOBAL INTERMODAL SYSTEMS,         §
INC.,                              §
                                   §
          Defendant.               §
```

MEMORANDUM AND ORDER

Pending is Defendant Global Intermodal Systems, Inc.'s Motion for Partial Summary Judgment on Plaintiff's Claim of Negligence Per Se (Document No. 17). Plaintiff Jaime Alvarez has not responded to the motion, and the motion is therefore deemed unopposed pursuant to Local Rule 7.4. After having reviewed the motion and the applicable law, the Court concludes that the motion should be granted.

I. Background

This is a personal injury action arising out of an auto collision. On October 10, 2003, Plaintiff Jaime Alvarez ("Plaintiff") was sitting in his parked truck in Defendant Global Intermodal Systems, Inc.'s ("Global" or "ConGlobal") Container Terminal waiting for empty chassis equipment to be pulled to his truck by ConGlobal employee Jose Garcia ("Garcia"). Document

No. 17 exs. B; C at Interrog. No. 6; D at Interrog. No. 3.[1] At the time of the accident, Garcia was operating a yard hustler and was positioning the chassis to connect to Plaintiff's truck. Id. As Garcia began to pull forward, the front of Plaintiff's truck collided with the side of the chassis being pulled by Garcia. Id. exs. C at Interrog. No. 6; D at Interrog. No. 3; E at 19.[2] Plaintiff alleges that Global was negligent per se in violation of the Texas Uniform Act Regulating Traffic on Highways, TEX. TRANSP. CODE ANN. §§ 541.001 et seq. Specifically, Plaintiff alleges that Global violated Texas Transportation Code (the "Code") § 547.602 by failing to attach rearview mirrors to the yard hustler, and Plaintiff seeks damages for bodily injuries he alleges he sustained during the collision.[3]

Global moves for summary judgment on Plaintiff's negligence per se claim, arguing that: (1) a yard hustler is not the type of vehicle to which § 547.602 of the Code applies, and therefore Global did not violate that statute; (2) even if the yard hustler

---

[1] Global Intermodal Systems, Inc. is also known as ConGlobal Industries. See Document No. 17 ex. D.

[2] Although the details surrounding the collision appear to be disputed (e.g. Plaintiff contends that he was stopped when Garcia collided with Plaintiff's truck while making a left-hand turn in front of Plaintiff; Global contends that Plaintiff moved his truck forward, colliding with Garcia as he made the turn), none of the disputed facts is material to the issues raised by Global's motion.

[3] Plaintiff asserts additional negligence claims that are not relevant to this Order.

falls within the scope of § 547.602, Plaintiff is not a member of the class that the statute was intended to protect because the collision did not occur on a highway; and (3) any alleged violation of the statute was not the proximate cause of Plaintiff's alleged injuries.

## II.  Standard of Review

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

A motion for summary judgment "cannot be granted simply because there is no opposition." Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995). When no response is filed, however, the Court may accept as undisputed the facts set forth in support of the motion and grant summary judgment when a prima facie showing for entitlement to judgment is made. *See* Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); Rayha v. United Parcel Serv., Inc., 940 F. Supp. 1066, 1068 (S.D. Tex. 1996).

III.  <u>Discussion</u>

Plaintiff contends that Global was negligent per se under Texas law when it failed to equip the yard hustler with mirrors as is required by § 547.602 of the Transportation Code.  Section 547.602 provides:

> A motor vehicle, including a motor vehicle used to tow another vehicle, shall be equipped with a mirror located to reflect to the operator a view of the highway for a distance of at least 200 feet from the rear of the vehicle.

Tex. Transp. Code Ann. § 547.602 (Vernon 1999).  Global argues that this statute does not apply to this case because a yard hustler is not a "motor vehicle."

Although Chapter 547 of the Code does not define the term "motor vehicle," other chapters of the Code define it as follows:

> (14) "Motor vehicle" means:
>
>   (A)  any motor driven or propelled vehicle required to be registered under the laws of this state;
>
>   (B)  a trailer or semitrailer, other than manufactured housing, that has a gross vehicle weight that exceeds 4,000 pounds;
>
>   (C)  a house trailer;
>
>   (D) an all-terrain vehicle . . . designed by the manufacturer for off-highway use that is not required to be registered under the laws of this state; or

>     (E) a motorcycle, motor-driven cycle, or moped that
>     is not required to be registered under the laws of
>     this state. . . .

TEX. TRANSP. CODE ANN. § 501.002 (Vernon Supp. 2004-2005).

>     (11) "Motor vehicle" means a self-propelled vehicle or a
>     vehicle that is propelled by electric power from overhead
>     trolley wires.  The term does not include an electric
>     bicycle or an electric personal assistance mobility
>     device. . . .

TEX. TRANSP. CODE ANN. § 541.201(11) (Vernon Supp. 2004-2005).  The term "vehicle" is further defined in the Code to mean:

>     [A] mechanical device, other than a device moved by human
>     power or used exclusively upon stationary rails or
>     tracks, in, on, or by which a person or property can be
>     transported on a public highway.  The term includes a
>     motor vehicle, commercial motor vehicle, truck-tractor,
>     trailer, or semitrailer but does not include manufactured
>     housing. . . .

TEX. TRANSP. CODE ANN. § 621.001(9) (Vernon Supp. 2004-2005).

Global argues that a yard hustler neither expressly nor implicitly falls within these definitions of "motor vehicle" and "vehicle."  According to Global, a yard hustler "is a 'fifth wheel,' which is a unique power unit designed primarily for moving and spotting trailers in truck, rail, and marine terminals." Document No. 17 ex. B ¶ 5.  Global explains that most fifth wheels are not designed or equipped for public highway or street use; that yard hustlers are used not on public highways but rather within a shipping yard or terminal to move and unload cargo; and that yard

hustlers are not required to be registered under the laws of the State of Texas. *See* Document No. 17 at ¶ 11; ex. B ¶¶ 5-6. Thus, Global argues, the purpose for which a yard hustler is used--to transport and unload cargo and equipment within the confines of a shipping yard or terminal--establishes that a yard hustler is not a "motor vehicle" to which the mirror requirement applies.[4]

The plain language of § 547.602 establishes that it is concerned with ensuring that motor vehicles operating on highways have rearview mirrors. *See* TEX. TRANSP. CODE ANN. § 547.602. The uncontroverted summary judgment evidence in this case is that Global's yard hustler was used exclusively within the confines of the Global Container Terminal, and not on highways or public roads, and that the yard hustler was not required to be registered under Texas law. Because Plaintiff has failed to file a response to the motion for summary judgment, he has not challenged Global's characterization of the yard hustler as something other than a "motor vehicle." Accordingly, Plaintiff has failed to raise so much as a genuine issue of material fact that the mirror

---

[4] Global also notes that certain items, such as farm tractors, are statutorily exempted from the requirements of Chapter 547 of the Code. *See* TEX. TRANSP. CODE ANN. § 547.002 (listing items to which requirements set forth in Chapter 547 do not apply). Chapter 541 of the Code defines "farm tractor" as "a motor vehicle designed and used primarily as a farm implement to draw and implement of husbandry, including a plow or a mowing machine." TEX. TRANSP. CODE ANN. § 541.201(4). Global contends that a yard hustler is more closely analogous to a "farm tractor" than to a "motor vehicle" and argues that this fact further indicates that yard hustlers are not subject to the mirror requirement set forth in § 547.602.

requirement set forth in § 547.602 applied to Global's yard hustler.

However, even assuming that Global's yard hustler is a "motor vehicle" subject to the mirror requirement, Plaintiff still cannot establish that Global violated § 547.602 because the uncontroverted summary judgment evidence is that the collision occurred within the confines of Global's terminal, which is privately owned property, and not on a highway. Section 542.001 of the Code provides that any "provision this subtitle relating to the operation of a vehicle applies only to the operation of a vehicle on a highway unless the provision specifically applies to a different place." TEX. TRANSP. CODE ANN. § 542.001 (Vernon 1999). Nothing in § 547.602 extends the mirror requirement to motor vehicles operated on privately maintained property or roadways, and thus Global did not violate § 547.602 when it operated the yard hustler without rearview mirrors inside the Global Container Terminal. Because the uncontroverted summary judgment evidence establishes that Global did not violate § 547.602, Plaintiff's negligence per se claim fails as a matter of law.

## IV. Order

Accordingly, it is

ORDERED that Defendant Global Intermodal Systems, Inc.'s Motion for Partial Summary Judgment (Document No. 17) is GRANTED, and Plaintiff's negligence per se claim is DISMISSED on the merits.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 31st day of October, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE